**IT IS ORDERED as set forth below:**

**Date: December 30, 2022**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| EDWARD CHARLES GERSTNER, III and HEATHER GERSTNER, | ) ) ) | CHAPTER 7 |
|  | ) | Case No. 21-50200-jwc |
| Debtors. | ) | |
| NEXTGEAR CAPITAL, INC., | ) ) | |
| Plaintiff, | ) ) | Adv. No. 21-05043-jwc |
| v. | ) ) | |
| EDWARD CHARLES GERSTNER, III, | ) ) | |
| Defendant. | ) | |

**ORDER SANCTIONING KERRY E. HAND**

This matter is before the Court on its previous Order and Notice of Hearing for Kerry E. Hand to Appear and Show Cause Why He Should Not Be Held in Contempt and/or Sanctioned for His Failure to Appear in Response to Prior Order and for Violations of the Georgia Rules of Professional Conduct (Doc. No. 34) entered on November 7, 2022 (the "Second Show Cause Order"). The Court held a hearing on the Second Show Cause Order on December 15, 2022 (the

1

"Second Show Cause Hearing"). Mr. Hand appeared at the Second Show Cause Hearing and answered questions from the Court regarding the various allegations and testimony detailed in the Second Show Cause Order regarding his conduct in this adversary proceeding. At the conclusion of the hearing, the Court announced the sanctions it would impose on Mr. Hand, which are set forth below. The Court now enters this Order consistent with its ruling and to memorialize the courts findings and conclusions supporting the sanctions being imposed.

Edward Charles Gerstner, III ("Debtor") and Heather Gerstner filed a joint petition for relief under chapter 7 of the Bankruptcy Code in January, 2021. Mr. Hand signed the petition as counsel and remains counsel of record in the bankruptcy case. NextGear Capital, Inc. filed this adversary proceeding against Debtor in April, 2021, seeking to have more than $400,000 of claims against Debtor declared nondischargeable. Debtor, through Mr. Hand, filed an answer and counterclaims against NextGear. Mr. Hand has been counsel of record for Debtor in the adversary proceeding since filing Debtor's answer; Mr. Hand remains counsel of record and has not moved to withdraw.[1] NextGear moved to dismiss the counterclaims because Debtor did not disclose the claims in his bankruptcy case, the claims remain property of Debtor's bankruptcy estate, and Debtor lacks standing to pursue claims that belong to the bankruptcy estate. Debtor filed no opposition and took no other action in response to the motion to dismiss. The Court dismissed Debtor's counterclaims in August, 2021. After several months of no activity on the docket in the adversary proceeding, the Court scheduled and held a routine status hearing on March 16, 2022. NextGear's counsel attended the status hearing, but Mr. Hand did not appear at the hearing or inform the Court of any reason he could not appear.

---

[1] Debtor retained new counsel in the adversary proceeding on the eve of the First Show Cause Hearing (defined herein), but Mr. Hand was the only counsel of record prior to that hearing.

In the interim, NextGear filed a Motion to Compel Discovery on March 11, 2022 (Doc. No. 16) (the "Motion to Compel"). In that motion, NextGear alleged the following facts: NextGear served interrogatories and requests for production of documents on October 1, 2021. Mr. Hand agreed that NextGear could depose Debtor on November 17, 2021, and he promised to produce documents prior to the agreed deposition date. Mr. Hand produced no documents, did not respond to the discovery requests, and did not respond to multiple follow-up communications with NextGear's counsel prior to the scheduled deposition date. NextGear continued the deposition. Mr. Hand later explained the lack of responsiveness resulted from a death in his family. NextGear communicated with Mr. Hand by phone on February 28, 2022, to resolve and narrow issues for the scheduled status hearing on March 16. On that call, Mr. Hand promised to attempt to produce a stack of documents received from Debtor and in his possession by March 4, but no later than March 11, and provide a date for Debtor's deposition. As of March 10, Mr. Hand had neither produced any documents or discovery responses nor provided any deposition dates. NextGear informed Mr. Hand that it would file a motion to compel if the documents and interrogatory responses were not received by 5 pm on March 11. After receiving no documents or responses, NextGear filed the Motion to Compel shortly after 5 pm on March 11.

Debtor filed no opposition to NextGear's Motion to Compel, and the Court granted the motion by order entered April 19, 2022 (Doc. No. 17) (the "Order to Compel") pursuant to Federal Rule 37.[2] The Order to Compel required Debtor to respond to interrogatories and produce documents within 30 days and then sit for a deposition. On May 31, 2022, NextGear filed a motion for sanctions against Debtor (Doc. No. 19) (the "Motion for Sanctions") because it had received no responses to the discovery or any dates for a deposition. NextGear requested

---

[2] All references to Federal Rules are to the Federal Rules of Civil Procedure and all references to Bankruptcy Rules are to the Federal Rules of Bankruptcy Procedure.

3

that Debtor's answer be stricken, default judgment be entered in its favor, and that attorneys' fees be awarded for filing its Motion to Compel and Motion for Sanctions. Debtor failed to file any response to the Motion for Sanctions.

On August 3, 2022, the Court entered its Order to Show Cause and Granting in Part Motion for Sanctions (Doc. No. 21) (the "First Show Cause Order"). As detailed in the First Show Cause Order, the Court was reluctant to strike Debtor's answer or enter default judgment because most of the allegations in NextGear's motions focused on the unresponsiveness of Mr. Hand, and the Court was concerned whether Debtor was aware of the various motions and the status of this adversary proceeding. The First Show Cause Order required Debtor and Mr. Hand to appear at a hearing scheduled for August 25, 2022 (the "First Show Cause Hearing") and show cause why Debtor's answer should not be stricken and default judgment entered against Debtor. The First Show Cause Order further required Mr. Hand to appear and

> (1) show cause why he has failed to produce documents in his possession, (2) show cause why he failed to appear at a status conference scheduled by the Court, (3) explain whether he has informed his client of the Motion to Compel, Motion for Sanctions, and the Order to Compel, and (4) explain whether he is aware of [Debtor's] current service address and, if not, whether he is in contact with [Debtor] and what efforts he has made to stay in contact with [Debtor].

The First Show Cause Order also granted NextGear's request for attorneys' fees but reserved ruling until the First Show Cause Hearing on whether Debtor or Mr. Hand should be ordered to pay such fees.

4

Counsel for NextGear, Debtor, and Debtor's newly-retained counsel all appeared in person at the First Show Cause Hearing. Mr. Hand did not appear at the First Show Cause Hearing, in person or remotely.[3]

As detailed in the transcript of the First Show Cause Hearing, Debtor testified to the following: He was aware of the adversary proceeding and retained Mr. Hand to represent him in the adversary proceeding. Tr. 7:4-11.[4] He discussed the adversary proceeding with Mr. Hand, and he was aware that Mr. Hand filed an answer and counterclaims on his behalf. Tr. 7:17-25. He was not aware, and Mr. Hand did not inform him, that the counterclaims were dismissed. Tr. 8:1-6. He was aware that NextGear served discovery requests, and he provided information and documents to Mr. Hand to respond to the discovery. Tr. 8:7-15. He and Mr. Hand met at Mr. Hand's office in the beginning of February (2022) where he gave Mr. Hand documents and answered questions. Tr. 8:16-23. Mr. Hand informed him the documents and information were for a court hearing in March. Tr. 8:21-23. He believed Mr. Hand was going to provide the documents to NextGear's counsel. Tr. 8:24-9:1. He was not made aware that NextGear's counsel had noticed him for a deposition; he was not made aware that Mr. Hand did not respond to NextGear's discovery requests; he was not made aware that Mr. Hand missed the status hearing in March; he was not made aware of NextGear's Motion to Compel; he was not made aware of the Court's Order to Compel or the requirement to respond within 30 days of that order; and he was not made aware of NextGear's Motion for Sanctions. Tr. 9:2-10:1; 10:11-13. Throughout the case, Mr. Hand has had his email address, phone number, home address, and was aware of how to contact him. Tr. 10:2-10. Mr. Hand did not inform him of the First Show

---

[3] Like the March status hearing, the parties, including Mr. Hand, had the option to attend the First Show Cause Hearing by videoconference, phone, or in person.

[4] Citations to "Tr. [page]:[lines]-[page]:[lines]" are to the First Show Cause Hearing Transcript, which is docketed at Doc. No. 30.

5

Cause Order. Tr. 10:14-17. Instead, Debtor learned of the First Show Cause Order from his wife's attorney during a divorce mediation. Tr. 10:18-22. He contacted Mr. Hand after learning of the First Show Cause Order, and, although Mr. Hand did not answer his calls, Mr. Hand sent a text message to Debtor that Mr. Hand was aware of the First Show Cause Order, that he would take care of it, that everything would be OK, and that Debtor did not need to appear in court. Tr. 10:23-11:1-10.

Based on Debtor's appearance at the First Show Cause Hearing, his testimony, and his new counsel's discussions with NextGear's counsel, NextGear and Debtor were able to resolve the sanctions requests against Debtor. Given Mr. Hand's failure to appear at the First Show Cause Hearing and the testimony of Debtor, the Court ordered Mr. Hand to pay NextGear's attorneys' fees incurred in connection with its Motion to Compel and Motion for Sanctions. The Court entered a separate order resolving the motions against Debtor and awarding NextGear's attorneys' fees to be paid by Mr. Hand in the amount of $12,785.57. *See* Doc. No. 28. The Court entered the Second Show Cause Order to address whether additional sanctions should be imposed on Mr. Hand for his actions in this adversary proceeding.

At the Second Show Cause Hearing, Mr. Hand confirmed most of the allegations and testimony regarding his conduct detailed above. Notably, he confirmed that Debtor provided him with documents responsive to NextGear's discovery requests in February and that he failed to produce those documents to NextGear. He confirmed that he failed to inform his client that he failed to appear at the March status conference. He confirmed that he failed to inform his client about NextGear's Motion to Compel, the Court's Order to Compel, NextGear's Motion for Sanctions, and the First Show Cause Order. He confirmed that he has had Debtor's contact information throughout this case and was able to get in touch with him. He also confirmed that

Debtor texted him after learning of the First Show Cause Hearing and that he told Debtor he would take care of it, but he disputed Debtor's testimony that he told Debtor not to appear at the First Show Cause Hearing, asserting that he meant only that he would take care of any legal fees awarded to NextGear.[5]  Mr. Hand's only explanation for his various failings in this adversary proceeding was, effectively, that he froze in the face of mounting mistakes and chose to hide his head in the sand instead of confronting the problem.  While the Court appreciates Mr. Hand's candor at the Second Show Cause Hearing and the acknowledgment of his mistakes, the explanation is unacceptable.

"Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers." *In re Evergreen Security, Ltd.,* 570 F.3d 1257, 1263 (11th Cir. 2009) (quoting *In re Walker,* 532 F.3d 1304, 1309 (11th Cir. 2008); *see also In re Mroz*, 65 F.3d 1567, 1574-76 (11th Cir.1995).  "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Evergreen Security*, 570 F.3d at 1263 (quoting *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir.2006)).  Among other things, "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991).  "Bankruptcy Courts also have authority under § 105(a) 'to regulate those who appear before it, and what they say and do during that representation.'" *In re New River Dry Dock, Inc.*, No. 06–13274–BKC–JKO, 2011 WL 4382023, at *2 (Bankr. S.D. Fla. Sept. 20, 2011), *aff'd sub nom. In re Gleason*, No. 11–62406–CIV, 2012 WL 463924 (S.D. Fla. Feb. 13, 2012), *aff'd,* 492 F. App'x 86 (11th Cir. 2012).  "The Court has inherent and

---

[5] Mr. Hand also disputed Debtor's testimony that Mr. Hand failed to inform Debtor that the counterclaims were dismissed or that Debtor had been noticed for a deposition.  The Court need not determine which side to believe for these particular facts because the testimony and allegations confirmed by Mr. Hand are more than enough to warrant the Court's ruling.

7

statutory authority to control admission to its bar and to discipline attorneys practicing before the Court" independent of the State Bar of Georgia's authority and disciplinary proceedings to sanction its members for misconduct. *Id. at \*3.*

"A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process. . . ." *Chambers,* 501 U.S. at 50, 111 S.Ct. at 2136. "Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why." *Mroz,* 65 F.3d at 1575 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987)). "A show cause order affords due process if the order delineates the conduct at issue in a manner sufficient to provide the attorney an opportunity to prepare a defense and affords the attorney a hearing at which he can present evidence in support of such defense." *In re Reeves*, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007). The Second Show Cause Order was served on Mr. Hand electronically by CM/ECF on November 7, 2022, giving him over a month to prepare a defense at the Second Show Cause Hearing on December 15, 2022. The Second Show Cause Order delineated the conduct at issue, the potential legal grounds for sanctions, and the potential sanctions to be imposed. It also gave Mr. Hand the opportunity to present evidence at the Second Show Cause Hearing. The court finds the Second Show Cause Order afforded Mr. Hand due process regarding the imposition of sanctions for his conduct in this adversary proceeding, and Mr. Hand agreed with that conclusion on the record at the Second Show Cause Hearing.

The uncontradicted allegations and testimony detailed above, and Mr. Hand's own admissions at the Second Show Cause Hearing, make clear that Mr. Hand not only willfully failed to comply with orders of this Court, but he committed a gross violation of his professional responsibilities in this adversary proceeding. The Georgia Rules of Professional Conduct apply

8

in all proceedings in the Bankruptcy Court through BLR 9010-3,[6] and the Court finds Mr. Hand's failure to produce documents in his possession, his failure to attend the status hearing, his failure to attend the First Show Cause Hearing, and his failure to respond or even make his client aware of NextGear's Motion to Compel, the Court's Order to Compel, NextGear's Motion for Sanctions, and the Court's First Show Cause Hearing, violates Georgia Rules of Professional Conduct 1.1 Competence;[7] 1.3 Diligence;[8] and 1.4 Communication.[9]

Mr. Hand put his client at significant risk of having over $400,000 of debt declared non-dischargeable simply because Mr. Hand failed to produce documents that he had in his possession, followed by repeated, willful decisions to ignore the problem. The Court cannot tolerate such gross violations of professional duties by attorneys appearing before it or risk the unmerited harm such conduct may wreak on debtors and other parties appearing in this Court.

---

[6] BLR 9010-3 provides that LR 83.1C (Local Rule of Practice for the United States District Court for the Northern District of Georgia) applies to all proceedings in the Bankruptcy Court. LR 83.1C, in turn, provides: "All lawyers practicing before this Court are governed by and must comply with the specific rules of practice adopted by this Court and, unless otherwise provided, with the Georgia Rules of Professional Conduct and the decisions of this Court interpreting those rules."

[7] Rule 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation as used in this rule means that a lawyer shall not handle a matter which the lawyer knows or should know to be beyond the lawyer's level of competence without associating another lawyer who the original lawyer reasonably believes to be competent to handle the matter in question. Competence requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[8] Rule 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[9] Rule 1.4 provides:

  a. A lawyer shall:
     1. promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (h), is required by these rules;
     2. reasonably consult with the client about the means by which the client's objectives are to be accomplished;
     3. keep the client reasonably informed about the status of the matter;
     4. promptly comply with reasonable requests for information; and
     5. consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Georgia Rules of Professional Conduct or other law.
  b. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

9

Pursuant to the Court's inherent powers and its authority under 11 U.S.C. § 105, the Court finds it appropriate to sanction Mr. Hand further to ensure similar conduct is not repeated. First, in addition to paying NextGear's attorneys' fees already ordered, Mr. Hand will be required to disgorge all fees paid by Debtor to Mr. Hand for representation in the bankruptcy or adversary proceeding, which Mr. Hand stated was $5,000. Second, Mr. Hand will be required to receive extra continuing legal education above the minimum requirements of the State Bar of Georgia. Third, Mr. Hand will be barred from filing any new cases in this Court for at least a year. Finally, the Court will refer this matter to the State Bar of Georgia and the Committee on Discipline of the United States District Court for the Northern District of Georgia. Accordingly,

IT IS ORDERED that Kerry E. Hand shall disgorge all fees (at least $5,000) paid by Debtor in connection with the bankruptcy case and this adversary proceeding. Mr. Hand shall return the fees to Debtor no later than December 31, 2022.

IT IS FURTHER ORDERED that Kerry E. Hand shall pay NextGear's attorneys' fees previously awarded in the amount of $12,785.57 to NextGear's counsel of record no later than December 31, 2022.

IT IS FURTHER ORDERED that, in addition to any minimum continuing legal education requirement of the State Bar of Georgia, Kerry E. Hand shall attend and obtain credit for 13 hours of continuing legal education on bankruptcy and 2 hours of continuing legal education on professionalism and/or ethics.

IT IS FURTHER ORDERED that Kerry E. Hand shall be barred from filing any new cases or entering any new appearances on behalf of any client in any capacity in the United States Bankruptcy Court for the Northern District of Georgia for a period of at least one year from the date of entry of this Order. If, at the end of one year, Mr. Hand has complied with the

10

terms of this Order and has filed a certification with the Clerk of Court that he has complied with the terms of this Order (including evidence of his completion of the CLE requirement), the bar on filing new cases or entering new appearances shall be lifted.

The Clerk is directed to serve a copy of this Order on Kerry E. Hand, the United States Trustee, Plaintiff, Defendant, and all counsel of record in this adversary proceeding.

END OF DOCUMENT